## YUEN CHOCK *vs.* CHUNG HOY.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

HEARING, AUGUST 4, 1890.    DECISION, AUGUST 7, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

Section 953 of the Civil Code does not authorize the arrest of a fraudulent debtor after judgment.

OPINION OF THE COURT, BY JUDD, C.J.

On the 18th of April last the plaintiff obtained a judgment against the defendant in the Police Court of Honolulu for $220.30. The action was assumpsit to recover the amount of two promissory notes.   The defendant had no counsel, and confessed judgment. On the 18th of July the plaintiff made a complaint under oath to the Police Justice that defendant seeks to evade the payment of the said debt by transferring and intending to transfer his property to certain other persons unknown to the deponent. The plaintiff tendered the statutory bond, which was approved. A warrant for the arrest and detention of the defendant was issued, and he was accordingly arrested and imprisoned.   The next day the defendant's attorney moved the Police Court to dissolve the attachment and discharge him from custody on the ground that the warrant was issued without authority of law. The Police Justice granted the motion, and discharged the defendant, from which the plaintiff appealed to the Supreme Court in Banco upon the points of law involved.

Section 953 of the Civil Code confers upon a Court of Record or a Police Court the authority to issue process for the arrest and detention of a fraudulent debtor.   This statute affecting the liberty of the person should be construed strictly. ˙ Its plain intention is to secure the presence of a defendant in a civil action.   It is ancillary to such a suit.   The complaint must be

11

" verified by the oath of the plaintiff in a suit, or some person on his behalf." The complaint must allege that the defendant has contracted the debt in a fraudulent manner, or that he seeks to evade the payment of the debt, first, by secreting his property, second, by transferring or intending to transfer the same to any third party, third, or is about to remove the same out of the jurisdiction of such Court, fourth, or is about to quit the Kingdom. The process issued arrests and detains the defendant " until he shall have entered into security with sufficient sureties to abide the result of such suit, and to pay the amount of such judgment as shall be rendered thereon." This language implies the pendency of a suit, and detains the defendant in custody in order that he may not make away with his property. But after judgment his property is subject to execution. The last paragraph of section 953, which provides that no process of constraint shall be issued until the plaintiff files a bond to reimburse defendant for damages and costs " which he shall sustain in consequence of such arrest, in case the plaintiff shall fail to sustain such suit," has no meaning if the warrant of arrest issues after judgment, for in such case the plaintiff has already sustained his suit. The warrant of arrest, therefore, was not authorized by the statute. It is not necessary to consider the further point made by plaintiff's counsel, that the Police Court being of limited jurisdiction, has no power to discharge its own writ, there being no especial authority in the statute for this. The defendant has been discharged from custody, and he is now at liberty. He is in no danger of being arrested again on the same ground.

The appeal is dismissed.

*C. W. Ashford*, for plaintiff.

*J. A. Magoon*, for defendant.